UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LUCERO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. CV 11-07319-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS |

## PROCEEDINGS

On September 9, 2011, Anthony Lucero ("Plaintiff or Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on December 22, 2011. On March 7, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and remanded for further proceedings in accordance with this Memorandum Opinion and Order and with law.

## BACKGROUND

Plaintiff is a 42 year old male who applied for Social Security Disability Insurance benefits on December 27, 2007, alleging disability beginning September 2, 2004. (AR 19.) Plaintiff has not engaged in substantial gainful activity during the period from his alleged onset date of September 2, 2004, through his date last insured of December 31, 2009. (AR 21.)

Plaintiff's claim was denied initially on March 13, 2008. (AR 19.) Plaintiff filed a timely request for hearing on May 7, 2008. Plaintiff appeared and testified at hearings held before Administrative Law Judge ("ALJ") David G. Marcus on September 1, 2009, and April 15, 2010, in Downey, California. (AR 19.) Claimant was represented by counsel at both hearings. (AR 19.) Vocational expert ("VE") Stephen Berry testified at both hearings and medical expert Dr. Miriam Sherman appeared and testified at the April 15, 2010, hearing. (AR 19.) The ALJ issued an unfavorable decision on May 7, 2010. (AR 19-27.) The Appeals Council denied review on July 7, 2011. (AR 1-6.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ erred in his analysis of the medical evidence.
2. Whether the Appeals Council erred in failing to consider new and material evidence.
3. Whether the ALJ erred in his evaluation of Plaintiff's credibility and subjective symptoms.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141.

Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of September 2, 2004, through his date last insured of December 31, 2009. (AR 21.)

At step two, the ALJ determined that through the date last insured Plaintiff had the following combination of medically determinable severe impairments: degenerative changes of

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

the left knee, including a torn medial meniscus and chondromalacia, status post arthroscopic surgeries; a chronic pain disorder; and an adjustment disorder with mixed anxiety and depressed mood. (AR 21.)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 22.)

The ALJ then found that the Plaintiff, through the date last insured, had an RFC as follows:

> . . . able to lift 10 pounds frequently and 20 pounds occasionally; able to stand and/or walk two hours in an eight-hour workday; able to sit six hours in an eight-hour workday; able to perform frequent balancing and stooping; able to perform occasional climbing, kneeling, crouching, and crawling; and able to perform only simple, routine tasks.

(AR 22.) In determining this RFC, the ALJ also appears to have made an adverse credibility determination to the extent Plaintiff's subjective symptoms are inconsistent with the above RFC. (AR 23-24.)

At step four, the ALJ found that, through the date last insured, Plaintiff was unable to perform his past relevant work as a sales route driver and bagger. (AR 25.) The ALJ, however, also found at step five that there were sedentary, unskilled jobs that exist in significant numbers in the national economy that Plaintiff could perform, including order clerk, charge clerk and call-out operator. (AR 26.)

Consequently, the ALJ concluded that Plaintiff was not disabled, within the meaning of the Social Security Act, at any time from September 2, 2004, the alleged onset date, through December 31, 2009, the date last insured. (AR 27.)

## DISCUSSION

The ALJ decision must be reversed. The ALJ did not err in his evaluation of the medical evidence, but did err in his assessment of Plaintiff's credibility. Additionally, the Appeals

Council did not provide any reasons why new evidence it permitted to be added to the record did not present a reasonable possibility of changing the ALJ decision.

## I.    THE ALJ'S RFC IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

Plaintiff had a work-related knee injury and three surgeries in 2004, 2005 and 2009. (AR 21, 795, 391-92, 541, 774.) Plaintiff continues to complain of constant pain and says he has trouble walking and standing. (AR 23.) Claimant also testified at the September 2009 hearing that he has to sit with his legs elevated and that even with a cane, he is unable to stand more than 30 minutes at a time. (AR 23.) He requires the option to alternate sitting and standing at will. (AR 23.) Nonetheless, the ALJ, based on the findings of treating physician Dr. Albert and State agency reviewing physicians, assessed an RFC for sedentary work. (AR 22-24.)

Plaintiff complains that the ALJ did not credit the opinion of Dr. Beck, another treating physician, who found Plaintiff unable to climb, stoop or bend. (AR 24.) The ALJ, relying on the opinions of other physicians, assessed an RFC of only "occasional climbing, kneeling, crouching or crawling." (AR 22.) Dr. Albert assessed no limitations on climbing, stooping and bending, and two State agency reviewers assessed only occasional limitations of those activities consistent with the RFC. (AR 23-24.) Although Plaintiff clearly disagrees with the ALJ's interpretation of the medical evidence, it is the ALJ who is responsible for resolving conflicts in the medical evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Here, the ALJ's interpretation was reasonable and should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

1      Additionally, Dr. Beck never opined that Plaintiff was precluded from all work (AR 559,
2 589), and Plaintiff never explains how the omission of Dr. Beck's limitation on climbing,
3 stooping and bending would result in a finding of disability. Any error was harmless. <u>Stout v.
4 Comm'r Soc. Sec. Admin.</u>, 454 F.3d 1050, 1055-56 (9th Cir. 2006) (harmless error is one
5 inconsequential to non-disability determination).
6      Plaintiff also argues that the ALJ's RFC is unsupported by substantial evidence because
7 the ALJ improperly discounted Plaintiff's credibility regarding his subjective pain symptoms.
8 On this point, the Court agrees.
9      **A.     Relevant Federal Law**
10      The test for deciding whether to accept a claimant's subjective symptom testimony turns
11 on whether the claimant produces medical evidence of an impairment that reasonably could be
12 expected to produce the pain or other symptoms alleged. <u>Bunnell v. Sullivan</u>, 947 F.2d 341,
13 346 (9th Cir. 1991); <u>see</u> also <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998); <u>Smolen</u>, 80
14 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the
15 severity of symptoms merely because it is unsupported by objective medical evidence.
16 <u>Reddick</u>, 157 F.3d at 722; <u>Bunnell</u>, 947 F.2d at 343, 345. If the ALJ finds the claimant's
17 symptom testimony not credible, the ALJ "must specifically make findings which support this
18 conclusion." <u>Bunnell</u>, 947 F.2d at 345. These findings must be "sufficiently specific to permit
19 the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony."
20 <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958 (9th Cir. 2002); <u>see</u> also <u>Rollins v. Massanari</u>, 261
21 F.3d at 856-57; <u>Bunnell</u>, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ
22 can reject the claimant's testimony about the severity of her symptoms only by offering
23 "specific, clear and convincing reasons for doing so." <u>Smolen</u>, 80 F.3d at 1283-84; <u>see</u> also
24 <u>Reddick</u>, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what
25 evidence discredits the testimony. <u>Reddick</u>, 157 F.3d at 722; <u>Smolen</u>, 80 F.3d at 1284.
26
27
28

### B. Analysis

The ALJ made no finding that Plaintiff's' medically determinable impairments reasonably could be expected to produce Plaintiff's symptoms. The ALJ, however, stated that "the medical evidence of record does not seem consistent with the degree of limitation that the Claimant alleges" and that the medical opinion of record supported an RFC for sedentary work. (AR 23.) Because the ALJ made no finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ failed to meet this exacting standard.

The ALJ reasonably relied on the medical evidence, which was consistent with sedentary work. (AR 23-24.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959. The problem in this case is that the ALJ failed to offer additional clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility.

One additional reason advanced by the ALJ is that Claimant "has not attended physical therapy because he wants the physician to go over his MRI films and give his recommendation." (AR 24.) Failing to follow prescribed treatment can be a basis for finding a complaint unjustified or exaggerated. Orn, 495 F.3d at 638. Here, though, there is no evidence that the physician, Dr. Woods, recommended physical therapy after viewing Plaintiff's MRI or viewed Claimant's request as unreasonable. Additionally, he was told to stop physical therapy because there was not any improvement and he was still in pain. (AR 95.) Claimant, then, had good reason for not pursuing physical therapy, which the ALJ was bound to consider but failed to do so. See SSR 96-7p.

Another reason proffered by the Commissioner is that Claimant had not taken his pain medications:

> Notwithstanding his complaints of significant pain, the record reflects his allegation that he had not taken pain medication in that he had been

>unable to tolerate it because he developed pancreatitis as a result of taking
>Celebrex (e.g. Exhibit 4E). However, at the April 2010 hearing, he testified
>that he had recently started taking Tramadol, although he affirmed that it has
>not been effective in relieving his pain.

(AR 23.) Plaintiff twice developed pancreatitis from the Celebrex, and is also diabetic. (AR 23, 56, 61, 83, 84.) He hardly can be faulted for discontinuing its use. Nor is it clear that the ALJ was even suggesting that Plaintiff was non-compliant with his medication. Rather, the ALJ did not accept Plaintiff's allegation that, even with Tramadol, he was in constant pain because the medical evidence of record was not consistent with the degree of limitation alleged. (AR 23.) Any assertion that Plaintiff was non-compliant with his medication without good reason is not supported by substantial evidence.

The Commissioner's last argument is that Plaintiff was capable of doing chores and looking after his daughter. (JS 17.) Daily activities inconsistent with alleged limitations can be a valid basis for rejecting a claimant's credibility. Burch, 400 F.3d at 681. The Commissioner, however, provides no citation to the ALJ decision and the Court did not find anywhere in the decision that the ALJ gave inconsistent daily activities as a reason for discounting Plaintiff's credibility. The Court may not consider arguments and evidence not articulated by the ALJ. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts"). Additionally, Dr. Beck reported Plaintiff had difficulty with bathing, showering and preparing meals. (AR 608.) Dr. Simpkins gave a similar evaluation. (AR 790.)

The ALJ decision, then, fails to present clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's subjective pain symptoms, other than the medical evidence. The ALJ's RFC is not supported by substantial evidence. The ALJ's non-disability determination is reversed and remanded for further proceedings.

## II. THE APPEALS COUNCIL DID NOT PROPERLY CONSIDER PLAINTIFF'S NEW EVIDENCE SUBMITTED AFTER THE ALJ OPINION WAS ISSUED

After the May 7, 2010, ALJ decision, Plaintiff presented new evidence to the Appeals Council. Specifically, a June 2010 orthopedic examination by Dr. Simpkins, an agreed medical

evaluator for workers' compensation, revealed a recurrent tear of the posterior horn of the medial meniscus. (AR 792.) Dr. Simpkins believed that Claimant was in need of a fourth knee surgery. (AR 792.) The Appeals Council made this new evidence part of the record. (AR 5.) The Appeals Council, however, "found that this information does not provide a basis for changing the Administrative Law Judge's decision." (AR 2.) No explanation of this finding was provided.

Sentence six of 42 U.S.C. § 405(g) allows a court to remand for consideration of additional evidence only if Plaintiff shows that (1) new evidence is material to his disability, and (2) he has good cause for failing to submit the evidence earlier. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001). To be "material," the evidence must present a "reasonable possibility" of changing the administrative decision. Id.

Dr. Simpkins' evaluation did not occur until after the ALJ decision. It is plainly material in that it supports Claimant's continuing pain allegations. Dr. Simpkins found that Plaintiff has difficulty with showering, bathing and getting dressed. (AR 790.) Dr. Simpkins' evaluation presents facts which may be inconsistent with sedentary work and thus a "reasonable possibility" of changing the ALJ decision. Because the Appeals Council did not provide any reasons for its contrary view, the Court has no record or basis for assessing whether the Appeals Council gave proper weight to Dr. Simpkins' evaluation. On remand, the Appeals Council and/or ALJ will have to do so.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is REVERSED and REMANDED for further proceedings in accordance with this Memorandum Opinion and Order and with law.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 4, 2012          /s/ John E. McDermott
                            JOHN E. MCDERMOTT
                            UNITED STATES MAGISTRATE JUDGE